**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CASE NO.: 7:16-CR-19 (WLS-ALS) |
| | : | |
| MAURICE STEPHON PARRISH, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## **ORDER**

The Court held a hearing on the United States Probation Office's Petition (Doc. 72) to revoke Defendant Maurice Stephon Parrish's supervised release. This Order memorializes that hearing. Previously, Parrish pleaded guilty to possession of a firearm by a convicted felon in violation of 18, United States Code § 922(g)(1). The Petition alleges thirteen violations of his supervised release. (Doc. 72).

At the hearing, Defense Counsel acknowledged that Parrish had been provided with a copy of the Petition for revocation and that Counsel had reviewed it with him. The Court advised Parrish of his rights to a hearing on the allegations, in which the Government would be required to prove the allegations by a preponderance of the evidence; to present evidence in his defense; and to testify in his defense. Parrish was also advised that he was not required to testify or present a defense and whether he would testify was his decision—all of which Parrish acknowledged he understood. The Court also confirmed from Parrish that he had received the Petition and the Revocation Report (Doc. 79) and reviewed them. Parrish stated that he had spoken to Counsel and wished to stipulate to Violations One, Two, Three, Four, Five, Six, Seven, Eight, Nine, Eleven, and Twelve. Because Parrish stipulated to Violations One, Two, Three, Four, Five, Six, Seven, Eight, Nine, Eleven, and Twelve, the Government withdrew the allegations of Violations Ten and Thirteen. The Court also found that Parrish's waiver of a hearing on the Petition was freely, knowingly, and voluntarily done.

Because Parrish stipulated and admitted to Violations One, Two, Three, Four, Five, Six, Seven, Eight, Nine, Eleven, and Twelve as alleged, the Court found that the violations

in the Petition had been established by a preponderance of the evidence.[1] Once the violations had been established, the Court heard from the Government, Defense Counsel, and the Defendant. Neither Parrish nor the Government objected to the Revocation Report. The Court then declared Parrish's probation revoked.

The Court determined Parrish's U.S. Sentencing Guidelines range to be 8 to 14 months based on Grade C violations and a criminal history category of VI. Considering the totality of circumstances and the 18 U.S.C. §§ 3553(a) and 3583(e) factors, sentenced Parrish to a term of imprisonment of twelve months and one day. The Court found this sentence appropriate to reflect the seriousness of Parrish's conduct and to protect the public. Parrish's imprisonment shall be followed by a term of supervised release of one year.

For these reasons, the Petition (Doc. 72) is **GRANTED**, and Parrish's probation is **REVOKED**. Defendant is sentenced to a term of imprisonment of twelve months and one day. After his release, he will have a term of supervised release of one year.

**SO ORDERED**, this 10th day of July 2026.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] "Due process requires that the court state 'the evidence relied on and reasons for revoking [supervised release].'" *United States v. Dees*, 452 F. App'x 929, 931 (11th Cir. 2012) (quoting *United States v. Cope*land, 20 F.3d 412, 414 (11th Cir. 1994)). "This requirement is satisfied when the record is 'sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation of supervised release and the evidence the decision maker relied upon.'" *Id.* (citations omitted).